

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable B. L. Shelton
County Auditor
Johnson County
Cleburne, Texas

D-4941

Dear Sir:

Opinion No. O-4941
Re: Construction of Section 2 of
Article 7336f, V. A. C. S.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Article 7336f Section 2, Acts of the 44th
Legislature, Regular Session 1935, Chapter 128,
page 355, recites the charges that can be made for
compiling a delinquent tax roll, not to exceed
five cents per line. As I understand this Arti-
cle it is mandatory that the Tax Collector com-
pile this roll at least every two years. In the
event he has the roll compiled with his regular
help is this five cents per line allowable and col-
lectible by the Collector as fees of office? In
the event he has not sufficient help in the office
to do this extra work is he allowed to go outside
and make a trade to have this done? If so, from
what source will the fees come?

". . . ."

Section 2 of Article 7336f, Vernon's Annotated
Texas Civil Statutes, reads as follows:

"Sec. 2. Any County having as many as two
years' taxes delinquent which have not been in-
cluded in the delinquent tax record, the Collector
of taxes shall within two years from the effective

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable E. L. Shelton, Page 2

date of this Act, cause to be compiled a delinquent tax record of all delinquent taxes not barred by this Act; the delinquent record shall be examined by the Commissioners' Court and the Comptroller or governing body, corrections may be ordered made, and when found correct and approved by them, payment for the compilation thereof shall be authorized at actual cost to the Tax Collector, proportionately from each the State and County taxes, or municipal taxes, first collected from such record, such cost in no case to exceed a sum equal to five (5¢) cents per item or written line of the original copy of such record and in no event shall any compiling cost be charged to the taxpayer. The delinquent tax record when approved, shall be prima facie evidence of the delinquency shown thereon, and when there shall be as many as two years of delinquency accumulated which are not shown on the record, a recompilation, or a two year supplement thereto shall then be made as herein provided. Tax Collectors shall cause to be compiled like records of taxes delinquent due any district for which they collect from tax rolls other than the State and county rolls, and when approved by the governing body of the particular district, the cost of same shall be allowed in the manner herein provided. Acts 1935, 44th Leg., p. 355, ch. 128."

Opinion No. O-4644 of this department construes the above quoted statute. We held specifically in Opinion No. O-4644 that the items in question were not fees of office. We quote from Opinion No. O-4644 as follows:

"We find no error or fault in the method of computation arrived at by you or the ultimate disposition of the 'actual cost' to be borne ratably by the various tax funds involved, but we cannot find ourselves in agreement with the fundamental proposition upon which such procedure rests, that is to say, that the cost allowed and contemplated by this statute can be considered as or converted into a fee, commission or compensation received by the Assessor-Collector in the discharge of his official duties, to be accounted for as a fee of office. On the contrary, it appears that the only purpose and intent of the Legislature, in the enactment of

that portion of Section 2 of Article 7336f, hereinabove referred to, was to enable the Tax Assessor-Collector to reimburse himself for such actual costs as would be necessarily expended by him in the compilation of the delinquent tax record contemplated by this Act; and to provide for such reimbursement not only out of county taxes collected, as had theretofore been the statutory rule, but likewise out of state tax collections or the tax collections of municipalities or taxing districts, so that each of said tax collections should equitably and ratably bear the cost of compiling the records of delinquent taxes of such various taxing units. This statute does not, either expressly or by necessary implication, provide for or contemplate the collection from the taxpayer or from any other outside interest or person, of the actual cost of compiling these delinquent records, but, on the contrary, it is otherwise expressly provided. The actual cost of compiling these delinquent records, either in a fixed amount or in an amount to be computed after the work is done, is not <u>paid in</u> or <u>collected</u> by the Assessor-Collector so as to be considered a fee, compensation or commission received by him and to be accounted for as a fee of office or paid into the salary fund. On the contrary, the amount of such actual cost, if any is found to exist, is taken out of moneys <u>collected</u> <u>as taxes</u>, whether state, county, municipal or <u>tax-</u> <u>ing district</u>, and is paid over to the Assessor-Collector ratably or proportionately from these various tax funds, on the theory purely of reimbursing such official for reasonable and necessary expenses which he is out-of-pocket, not exceeding the statutory maximum.

"Hence, if the Tax Assessor-Collector of a county, himself, in his official capacity, finds the time and the means of compiling the delinquent tax records required by said Article, in addition to and along with his other official duties, no actual cost has been incurred because the entire time of this official has been purchased already for the performance of these duties by the payment of his official salary. Likewise, if his regular deputy force, in addition to the other duties with

which they are charged, are able to compile these delinquent tax records, no 'actual cost,' within the intendment of this statute, has been incurred because the salary authorized by the commissioners' court for the payment of such deputies will take care of such costs. It is only when actual costs are expended or disbursed by the Assessor-Collector in the hiring of additional personnel or the providing of additional equipment, actually and reasonably necessary to the proper compilation of these delinquent tax records, that 'actual costs' have been incurred, which may be reimbursed in the mode outlined by the statute.

"We are not unmindful of the worthy considerations attending the procedure outlined by you and the good results to be attained thereby, but we are constrained, as a matter of strict law, to advise you that this procedure does not follow the requirements of the statute, either in instances where these records are compiled by the Assessor-Collector, himself, or by his duly appointed and acting deputies."

We enclose herewith a copy of Opinion No. O-4644 for your information.

In answer to your first question it is our opinion that the stated item is not a fee of office. It is our further opinion that where the Tax Assessor-Collector, in his official capacity, and his regular deputies, in addition to their regular duties, find time in which to compile and do compile the delinquent tax roll referred to in the above quoted statute, no actual expense is incurred and the Tax Assessor-Collector is not entitled to any reimbursement.

In answer to your second question it is our opinion that same should be answered in the affirmative.

In answer to your third question it is our opinion that the Tax Assessor-Collector would be entitled to no fees whatever, but he would be entitled to reimbursement for his actual expenses incurred in the matter provided such actual expenses incurred did not exceed the five cents (5¢) per item or written line limitation placed in the statute. The amount of such actual cost of compiling these delinquent tax records,

if any is incurred, is to be taken out of moneys first collect-
ed from said delinquent tax roll as taxes, whether state, county,
municipal or taxing district, and is paid over to the Tax
Assessor-Collector ratably or proportionately from these vari-
ous tax funds, on the theory purely of reimbursing such offi-
cial for reasonable and necessary expenses which he is out-of
pocket, not exceeding the statutory maximum.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By      *Wm. J. Fanning*

Wm. J. Fanning
Assistant

WJF:mp
Encl.

APPROVED OCT 31, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN